## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MITCHELL P. COOK**                                             **CIVIL ACTION**

**versus**                                                                  **NO. 07-8675**

**TERRY TERRELL, WARDEN**                           **SECTION: "R" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** or, alternatively, **DISMISSED WITH PREJUDICE** as untimely.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

On March 11, 1997, petitioner, Mitchell P. Cook, pleaded guilty to one count of driving while intoxicated ("D.W.I."), second offense, and was sentenced to six months in parish jail; however, that sentence was suspended, and he was placed on supervised probation for two years. He was also fined $500.00, ordered to enroll in substance abuse and driver improvement programs, and ordered to perform thirty days of community service.  On that same date, he also pleaded guilty to driving on a suspended license and was fined $150.00.[2]  On February 13, 1998, his probation was revoked, and he was ordered to serve his six-month sentence on the D.W.I. conviction.[3]

On or after August 31, 2006, petitioner filed with the state district court an application for post-conviction relief with respect to the 1997 convictions.[4]  That application was denied as untimely on September 13, 2006.[5]  His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on November 29, 2006,[6] and by the Louisiana Supreme Court on October 5, 2007.[7]

_____

[2] State Rec., Vol. I of I, transcript of March 11, 1997; State Rec., Vol. I of I, extract of minute entry dated March 11, 1997.

[3] State Rec., Vol. I of I, minute entry dated February 13, 1998.

[4] State Rec., Vol. I of I.  The affidavit accompanying petitioner's application was dated August 31, 2006.

[5] State Rec., Vol. I of I.

[6] State v. Cook, No. 2006 KW 2082 (La. App. 1st Cir. Nov. 29, 2006) (unpublished); State Rec., Vol. I of I.

[7] State ex rel. Cook v. State, 964 So.2d 378 (La. 2007) (No. 2006-KH-3010); State Rec., Vol. I of I.

On October 23, 2007, petitioner then filed the instant federal application for *habeas corpus* relief.[8]  In support of his application, petitioner claims that he was not properly advised of his rights when he pleaded guilty on March 11, 1997.  The state contends that petitioner's federal application is untimely.[9]  Although that contention has merit, the undersigned finds that the instant petition should instead be dismissed on the basis that the Court lacks subject matter jurisdiction in this matter.

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  Because the custody requirement is jurisdictional, the Court is required to consider the requirement *sua sponte* if necessary.  Moore v. Dretke, 369 F.3d 844, 846 n.3 (5th Cir. 2004).

Once a sentence imposed for a conviction has completely expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).  In the instant case, petitioner makes clear in his federal application that he is challenging only the 1997 convictions in this proceeding.[10]  In that his sentences for those convictions expired long ago, he can no longer be considered to be "in custody" on those convictions.

---

[8] Petitioner originally filed the federal application in the United States District Court for the Middle District of Louisiana, and the matter was subsequently transferred to this Court.  Rec. Doc. 1.

[9] Rec. Doc. 10.

[10]  Rec. Doc. 2, p. 1.

That said, the Court is, of course, aware that petitioner is challenging the validity of the 1997 D.W.I. conviction because it was subsequently used to enhance his sentence for a 2004 D.W.I. conviction.  *If* petitioner is still "in custody" with respect to that subsequent conviction, and *if* the instant petition were construed as an attack on that 2004 conviction, then the Court would have jurisdiction to consider a challenge *as to that 2004 conviction*.  Maleng, 490 U.S. at 493-94. However, petitioner is currently directly challenging that 2004 conviction in a separate *habeas corpus* petition pending before this Court:  Cook v. Terrell, Civ. Action No. 07-9226 "R"(1) (E. D. La.).[11]  In that proceeding, as he does here, petitioner argues, *inter alia*, that the 1997 D.W.I. was invalid because he was not properly advised of his rights and, therefore, that conviction cannot legally be used to enhance his sentence for the 2004 conviction.   Accordingly, despite the considerable deference to which *pro se* litigants are normally entitled, see Maleng, 490 U.S. at 493, construing the instant petition as a challenge to 2004 conviction is both unnecessary and unwarranted.  See Frazier v. Dretke, No. 3:03-CV-0864-D, 2005 WL 762605, at *2 (N.D. Tex. Apr. 4, 2005) (Ramirez, M.J.), adopted, 2005 WL 1017856 (N.D. Tex. Apr. 27, 2005) (Fitzwater, J.).

In light of the foregoing, the undersigned concludes that the instant petition can be fairly construed only as challenging the 1997 convictions.  Because he clearly is no longer "in custody" with respect to those convictions, the undersigned recommends that the petition be dismissed for lack of subject matter jurisdiction.

---

[11]   "A court may take judicial notice of related proceedings and records in cases before the same court."  MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

However, if the United States District Judge concludes that petitioner is in fact "in custody" with respect to those convictions, the undersigned alternatively recommends that petitioner's instant application be dismissed as untimely for the following reasons.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[12]

As noted, on March 11, 1997, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the five days allowed by state law, his convictions and sentences became final no later than March 18, 1997.[13]  Accordingly, pursuant to 28 U.S.C. §

---

[12]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

[13]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's convictions in 1997, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A).  In 1997, March 15 was a Saturday and March 16 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his convictions became final.
    The Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976).  In this case, however, the Court need not decide whether petitioner had a right to appeal his convictions pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his convictions were final upon the expiration of the time within which to notice an intent to appeal (March 18, 1997) or upon his pleas (March 11, 1997).

2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to those convictions commenced on that date and expired one year later, i.e., on March 18, 1998, unless that deadline was extended through tolling.[14]

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no applications attacking these convictions and sentences pending before any state court at any time from March 18, 1997, through March 18, 1998.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof

---

[14] Out of an abundance of caution, the Court notes that the fact that petitioner was initially placed on probation for the D.W.I. conviction did not affect the finality of that conviction; his time for appeal ran from the original judgment, not from the judgment revoking his probation. See State v. Patetta, 483 So.2d 1133, 1134 (La. App. 5th Cir. 1986); State v. McDonald, 471 So.2d 834, 836-37 (La. App. 2nd Cir.), writ denied, 475 So.2d 1104 (La. 1985). Because he could have challenged both his conviction and sentence at that time, the AEDPA statute of limitations ran from the date the conviction and sentence became final by the expiration of time for seeking such review. See Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005), cert. denied, 127 S.Ct. 431 (2006) and 127 S.Ct. 548 (2006); Gilson v. Stalder, Civ. Action No. 07-556, 2007 WL 2915165, at *2 n.5 (E.D. La. Oct. 5, 2007).

to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief challenging these convictions had to be filed on or before March 18, 1998, in order to be timely.  Petitioner's federal application was not filed until October 23, 2007,[15] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Mitchell P. Cook be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** or, alternatively, **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[15] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states that he placed his federal application in the prison mail system on October 23, 2007. Rec. Doc. 2, p. 16.

a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

     New Orleans, Louisiana, this sixth day of March, 2008.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE