UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MITCHELL P. COOK                              CIVIL ACTION

VERSUS                                        NO: 07-8675,
                                              07-9226

TERRY TERRELL, WARDEN                         SECTION: R(1)


**ORDER AND REASONS**

Before the Court is Mitchell P. Cook's motion for reconsideration. (R. Doc. 25). For the following reasons, the Court DENIES Cook's motion.

I.  **Background**

Petitioner, Mitchell P. Cook, is a state prisoner incarcerated at the Louisiana State Penitentiary, Allen Correctional Center, in Kinder, Louisiana. On March, 11, 1997, he pleaded guilty to one count of driving while intoxicated, second offense, and was sentenced to six months in the parish jail. However, his sentenced was suspended, and he was placed on supervised probation for two years. On the same day, Cook pleaded guilty to driving on a suspended license and was fined $150.00. On February 13, 1998, his probation was revoked, and he was ordered to serve his six-month sentence.

On or after August 31, 2006, Cook filed with the state district court an application for post-conviction relief with

respect to his 1997 convictions. On September 13, 2006, his application was denied as untimely. Related writ applications were denied by the Louisiana First Circuit Court of Appeal on November 29, 2006, and the Louisiana Supreme Court on October 5, 2007.

On July 20, 2004, Cook was again convicted of driving while intoxicated for a fourth time. On August 10, 2004, the state court sentenced Cook to a term of fifteen years imprisonment. The court then suspended all but sixty days of that sentence and ordered Cook to pay a $5,000.00 fine. On December 10, 2004, the state revoked Cook's probation, and ordered him to serve his original fifteen-year sentence. On September 23, 2005, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.

After unsuccessfully seeking post-conviction relief in the state courts, Cook filed two federal habeas petitions on October 23, 2007. Regarding his 1997 convictions, Cook alleged that his counsel had not properly advised him of his rights when he pleaded guilty. With respect to his 2004 conviction, he alleged four grounds for relief: (1) that he was not afforded a fair trial; (2) his prior convictions were not properly certified; (3) his prior conviction for driving while intoxicated, second offense, was unconstitutional; and (4) the State Trooper prepared two conflicting reports regarding the incident.

This Court adopted both of the Magistrate Judge's Reports

and Recommendations and dismissed both habeas petitions with prejudice on March 31, 2008.  The court dismissed Cook's petition concerning his 1997 convictions it was untimely and because Cook was no longer "in custody" with respect to those convictions.  Furthermore, this Court dismissed his habeas petition for his 2004 conviction because his four claims were without merit.  First, he did not receive an unfair trial because the prosecutor was under no obligation to use information collected or conclusions reached in the private insurance investigation as part of the state's case.  Second, there were no defects with respect to the underlying evidence of the predicate conviction because he had stipulated that the evidence was true.  Third, his 1997 conviction is no longer open to direct or collateral attack because his sentence for that conviction has fully expired, and the limitations period for any attack has expired.  Finally, the plaintiff had not asserted how the two police reports conflicted, and the Court found no significant difference between the reports.

   After, Cook moved for a certificate of appealability which this Court refused to issue.  Raising nothing new in his motion the Court found that the record did not establish that reasonable jurists could debate the Court's resolution of the issues.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(articulating legal standard for certificate of appealability).  Cook's record was then certified and transmitted to the Fifth Circuit.  On

August 8, 2008, due to want of prosecution, the Fifth Circuit dismissed Cook's appeal. More than a year later, Cook now moves this Court to reconsider its past rulings. (R. Doc. 25).

## II. Discussion

Cook argues that at the time this Court dismissed his first habeas petition, it did not consider all the evidence germane to his application. (R. Doc. 25). Specifically, Cook alleges that the Court reviewed the wrong transcript of a 9-1-1 call leading to his 2004 conviction. It did so, Cook argues, because the 9-1-1 call transcript presented at his state trial, and thus the transcript this Court reviewed in Cook's initial habeas petition, was a fabrication or concerned an unrelated incident. (R. Doc. 25). Cook attaches to his present motion the transcript of an audio tape that he alleges is the correct 9-1-1 call. (R. Doc. 25).

The gravamen of Cook's argument is that his current confinement is unconstitutional because he did not receive a fair trial given that the state presented a fabricated version of the 9-1-1 tape to the jury. Because this attacks the constitutionality of Cook's state court trial, it is akin to a petition for habeas corpus relief. Moreover, given that Cook failed to appeal the denial of his first habeas petition, the Court construes this as a successive habeas petition within the meaning of the Anti-Terrorism and Effective Death Penalty Act

(AEDPA).

AEDPA reads, in relevant part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244. AEDPA does not specifically define "second or successive." *Id.* However, the Fifth Circuit defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A petition will not be considered "second or successive," though later in time, when it is based on a claim unavailable to the petitioner at the time of his first habeas petition. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th

Cir. 2009)(interpreting *In re Cain*).

Cook's motion is "second or successive" under *In re Cain* because it raises a claim that was raised in his first petition. In his first habeas petition, Cook challenged the fairness of his 2004 trial. (Civ. A. 07-9226, R. Doc. 4). Cook also argued, as he does here, that the 9-1-1 tape played was the wrong tape. *Id.* Even though the Magistrate's Report and Recommendation does not explicitly reference the 9-1-1 tape, it does note that "all the prosecution was required to prove to support [Cook's] conviction was that petitioner was operating a vehicle while under the influence of alcohol." (Civ. A. 07-9226, R. Doc. 13). And that the prosecution established that fact "through other evidence, including the testimony of Deputy Troy Mitchell and Trooper Coy Canulette regarding petitioner's own statements, their firsthand observations, and the failure of the field sobriety test." *Id.* Thus, not only did Cook raise this claim in his first petition, but the Magistrate, and this Court in its review of the Magistrate's Report and Recommendation, considered Cook's argument that the 9-1-1 tape presented at his trial was the wrong one and dismissed the argument given the other evidence presented at his trial. (Civ. A. 07-9226, R. Doc. 13 and 18). Even assuming, *arguendo,* that Cook did not present this argument in his first habeas petition because he could not attach the transcript of the "actual" 9-1-1 tape at that time, AEDPA states that claims based on a *factual* predicate not previously

discoverable are successive. *See* 28 U.S.C. § 2244; *see also Leal Garcia*, 573 F.3d at 222 (stating that habeas petition's based on newly discovered evidence are successive under AEDPA). Because Cook's motion is a second and successive application for habeas corpus under the AEDPA, this Court lacks jurisdiction to hear it. *See* 28 U.S.C. § 2244(b)(3)(A). Cook must first move the Fifth Circuit for an order authorizing this Court to consider his new application.

**III. Conclusion**

For the foregoing reasons, the Court DENIES Cook's motion for reconsideration.

New Orleans, Louisiana, this __25th__ day of November, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE